Judge Owsley
delivered the opinion of the court.
The appellants, who were complainants in the court below, brought this suit, asserting the superior equity to the land in contest, under an entry made in the name of John Withers and al. and asking a surrender of the appellees’ title, derived through an elder grant emanating under an adverse entry.
On a final hearing, that court sustained the entry of Withers, &c. but supposing that a survey executed anterior to that upon which the appellants’ patent emanated, was an extinguishment of the warrant, pronounced a decree, ordering the appellees to surrender their title to so much only of the land in contest as is common to both surveys, and which will be included within the entry of Withers, &c. when correctly surveyed.
From that decree the appellants have appealed to this court.
If the survey first executed is an extinguishment of the warrant, it is not pretended, on the part of the appellants, that the decree should be disturbed; but they contend, that to have such an operation, the survey should be shewn to have been either made by the directions of the owner of the entry, or some other authorised by him, and they insist that instead of proving such an execution, the evidence shews that the survey was illegally and surreptitiously made without either the privity or knowledge of the owner or his agent; and hence they urge the decree should have secured to them all of the land included within their patent boundary, and which is contained within Withers’ entry.
Assuming the position taken in argument, to be correct, that the warrant gave the survey or no authority to proceed in the execution of the survey, without the approbation of *174 the owner or his agent, we should, nevertheless, be of opinion, under the circumstances of this case, that the first survey must be taken as an extinguishment of the warrant.
A survey made and recorded by authority of the owner, is an extinguishment of the warrant, and the act of an officer of the law will be presum'd correct 'til the contrary appears.
That survey appears to have been admitted to record, and considered abstractly from the extraneous circumstances exhibited in the record, implies, prima facie, a regular discharge of the duties of the surveyor. The supposition is not to be indulged, that the surveyor, in opposition to law, and in violation of his duty, would have either illegally executed, or recorded the survey, but as an officer of the government, acting under the influence of his official oath, should be presumed to have performed the functions of his office correctly.
It is true, that from a copy of the survey exhibited in the record, the survey purports to have been made by the directions of Squire Boon, who is also stated in the certificate of survey to have been the locator of the land; but whether or not that statement be considered as legal evidence, it cannot, upon any rational principle, repel the presumption in favor of the surveyor having performed his duty. If, as the surveyor was not required by law to certify by whose directions he made the survey, the statement be viewed as forming no evidence, in that case the implication resulting from the exercise of official duty will arise with its full force: Or, if the statement be considered as evidence of Boon’s having directed the execution of the survey, then, as Boon is also stated to have made the entry, the conclusion is by no means unnatural, that as locator he was empowered to make the survey; for it is believed not to have been unusual for the owners of entries to entrust those who were authorised to make them, with the power of directing the surveys.
And that Boon possessed such power is the more probable in the present case, from the circumstance of Withers having, after the entry was made, and when about to invest Marshall with the control of his claim, and in the writing given by him to Marshall, recognized his having previously employed others to make the survey.
The authority given by Withers to Marshall, it is true, is prior in date to the making of the survey, but it contains no revocation of power previously conferred upon others, and there is no proof in the cause either of Boon or the surveyor having been informed of Marshall’s authority before the survey was recorded.
Talbot for appellant, Hardin and Littell contra.
By a memorandum of the surveyor, it is true, Marshall appears to have objected to the survey; but that memorandum most obviously imports the objection to have been made subsequent to, and not before, the survey was admitted to record.
We are of opinion, therefore, that the survey must be considered as having been made with proper authority, and as such was an extinguishment of the warrant.
The decree must be affirmed with cost.